**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ETHEL ELAINE DANIELS, | : | CIVIL ACTION NO. |
| BOP Reg # 63016-019, | : | 1:15-CV-2279-AT-JSA |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:14-CR-00156-AT-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate her 192-month sentence. (Doc. 24). Because Movant entered into a valid and enforceable guilty plea agreement and appeal waiver, **IT IS RECOMMENDED** that her § 2255 motion be **DENIED**.

**I.   Procedural History**

On April 24, 2014, [Movant] waived prosecution by indictment and consented for this case to proceed by an Information. (Doc. 3). On the same day, the United States Attorney filed a seven-count Information, charging [Movant] with conspiracy to commit wire fraud, substantive wire fraud, and aggravated identity theft. (Doc. 1). On May 28, 2014, [she] pled guilty to all seven counts pursuant to a plea agreement. (Doc. 6, 6-1, 6-2). On November 14, 2014, the Court sentenced [her] to 168 months' imprisonment [on] each of counts 1-4 to run concurrently, and to 24 months' imprisonment on each of counts 5-7, to run concurrently to each other, but consecutively to counts 1-4, for a total sentence of imprisonment of 192 months. (Docs. 14, 16). [Movant] did not file a direct appeal.

(Doc. 31 at 2-3).

Included in Movant's Guilty Plea and Plea Agreement is a Limited Waiver of Appeal:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal her conviction and sentence and *the right to collaterally attack her conviction and sentence in any postconviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255)* on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

(Doc. 6-2 at 9 (emphasis added)). Movant signed the Guilty Plea and Plea Agreement (*id.* at 10), and she then separately signed the following addendum:

> I have read the Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. *I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding.* No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took

place with my permission. *I am fully satisfied with the representation provided to me by my attorney in this case.*

(*Id.* at 11 (emphasis added)).

At her plea hearing, Movant acknowledged the following:

1. she understood the trial rights she was willingly forfeiting by pleading guilty (Doc. 27 at 7-9);

2. she understood the elements of the crimes to which she was pleading guilty and what the government would have to prove to convict her, and she had in fact committed those crimes in the manner the government described (*id.* at 10-16);

3. she understood that the maximum penalty for her four fraud convictions (counts 1-4) was 20 years' imprisonment and that each of her three aggravated identity theft convictions (counts 5-7) carried an additional 2 years' imprisonment, to be served either consecutively or concurrently to each other, but consecutively to her other sentences; and she understood that if she were to *"receive a sentence that is harsher than what [she] expected, [she] would not be able to withdraw [her] guilty plea"* (*id.* at 17-19 (emphasis added));

4. she understood that this Court could sentence her "to the maximum punishment allowed by law"(*id.* at 18);

5. she understood the terms of her plea agreement, including the appeal waiver (*id.* at 21-24), and she had received no threats or promises inducing her to plead guilty, other than those outlined in the agreement (*id.* at 28-29);

6. she understood that the appeal waiver meant that "absent limited circumstances identified in the plea agreement, [she] would not be able to contest [her] sentence even if [she] thought that the sentence was unfair" (*id.* at 23-24);

7. she was satisfied with her counsel's representation (*id.* at 29); and

3

8. her guilty plea was "voluntary and of her own free will" (*id.*).

The Court accepted Movant's guilty plea as "knowingly, voluntarily and intelligently given, on the advice of competent counsel, and [with] a basis of fact that comprehends each and every element of the charges to which she is pleading." (*Id.* at 29-30). The Court later sentenced Movant to 192 months' imprisonment. (Doc. 16; *see* Doc. 30).

In her § 2255 motion, Movant presents the following claims:

1. ineffective assistance of counsel during plea negotiations, leading her to believe she would receive no more than a 6-year sentence—"Had [] counsel insisted that the Probation office and the prosecutor prove their allegations during the plea negotiations[, she] would be facing a sentence that is not as severe.";

2. ineffective assistance of counsel for failing to challenge her multiplicitous and duplicitous charging document;

3. her 10th Amendment rights were violated when she received sentencing enhancements that were not found by a jury;

4. ineffective assistance of counsel for failing to challenge certain sentencing enhancements, such as her 4-level enhancement for role in the offense.

(Doc. 24 at 4-6, 8).

## II. Discussion

### A. The Ineffective-Assistance Standard in the Guilty Plea Context

To prevail on a claim of ineffective assistance, a defendant must establish

4

> two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To satisfy the deficient-performance prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The defendant must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 689. A defendant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

*Connolly v. United States*, 568 Fed. Appx. 770, 770-71 (11th Cir. 2014) (noting that "'[w]hen a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel'" (quoting *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984)); and affirming summary dismissal of § 2255 motion because appellant's "conclusory allegations of [attorney] coercion . . . failed to rebut the strong presumptions that his attorney's advice fell within the range of reasonable professional conduct and [his] sworn statements in his plea agreement and at his change-of-plea hearing were true").

### B.   Ground One: Counsel Misled Movant Into Pleading Guilty

In ground one, Movant claims that her counsel advised her incorrectly regarding the potential sentence she faced, leading her to plead guilty despite the lack of proof

5

of the severity of her crimes. (Doc. 24 at 4).

"A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea." *United States v. Speight*, 454 Fed. Appx. 785, 787 (11th Cir. 2011). Evidence that an accused entered her guilty plea knowingly and voluntarily includes "[s]olemn declarations in open court," which "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-75 (1977) (noting that "the representations of the defendant, h[er] lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"); *see Connolly*, 568 Fed. Appx. at 771 (" 'The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.' " (quoting *Blackledge*, 431 U.S. at 74)).

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "[F]or a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record

6

that the defendant otherwise understood the full significance of the waiver." *Id.* (internal quotations omitted); *see Medina v. United States*, 597 Fed. Appx. 583, 585-86 (11th Cir. 2015) (same (citing *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008))).

Movant's sworn declarations during her guilty plea proceedings reveal that her plea was knowing, voluntary and uncoerced; that she was satisfied with her counsel's performance; and that her guilty plea and appeal waiver are valid and enforceable. (*See generally* Doc. 27); *Williams*, 396 F.3d at 1341; *Speight*, 454 Fed. Appx. at 787. Movant cannot overcome the strong presumption of veracity inherent in her solemn declarations before this Court, *see Blackledge*, 431 U.S. at 74, by presenting, as she has done, nothing more than her unsupported assertions that counsel gave her erroneous advice about her prospective term of imprisonment. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (concluding that district court "did not abuse its discretion in refusing to withdraw [appellant's] guilty plea," in part because appellant "admitted factual guilt under oath at his guilty plea hearing," and "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false"); *see also Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. 2007) (rejecting § 2255 appellant's claim—that he was coerced into entering his

7

guilty plea in part by counsel's promise of a more lenient sentence than he received—because appellant's "allegations are in direct conflict with his statements during the plea colloquy, and he has produced no evidence to challenge the veracity of his sworn testimony"). The *Patel* court stated:

> Indeed, [appellant's] self-serving statements appear to be a last-minute attempt to escape the preclusive effect of the appeal waiver. While there is some question as to whether counsel expressly promised [appellant] that he would receive a specific sentence, the record demonstrates that [appellant] did not mention this promise during the plea colloquy, and, instead, stated that he understood that his sentence could be different from what counsel had advised and confirmed that no one had promised him anything in exchange for his plea. Moreover, during the plea colloquy, [appellant] stated that he was satisfied with counsel's performance[, and h]e indicated that he [had] read, understood, and signed the written plea agreement and confirmed that counsel had reviewed the terms and conditions of that agreement with him.

*Patel*, 252 Fed. Appx. at 975 (formatting altered).

Furthermore, Movant does not allege in her § 2255 motion that she would have proceeded to trial had she known that her sentence might exceed a term of six years. To the contrary, she acknowledged at her plea hearing, under oath, that she understood that this Court was "authorized to sentence [her] to the maximum punishment allowed by law," which she understood to be 20 years for the fraud counts plus 2 years for each aggravated identity theft; that if she pled guilty, this Court could "impose the same

sentence . . . as if [she] had gone to trial and were found guilty after that trial"; that it was "solely up to [the Court] to decide what sentence [she would] receive"; and that "if [she] receive[d] a sentence that [was] harsher than what [she] expected, [she] would not be able to withdraw [her] guilty plea."  (Doc. 27 at 16-19).

And although this Court did not refer specifically during the plea hearing to Movant's waiver of her right to file a § 2255 motion, that failure is unavailing to Movant because it is apparent from the context of both her plea agreement, which she signed and acknowledged that she understood, and her acknowledgements at her plea hearing that she understood she was waiving her right to directly appeal or collaterally attack her sentence. *See Medina*, 597 Fed. Appx. at 586 ("Although the district court did not specifically note that [appellant] was waiving his right to collaterally attack his sentence during the plea colloquy, the record indicates that [appellant] otherwise understood the full significance of the waiver[, which] . . . was set forth clearly in the plea agreement [he] executed . . . . [And he] also signed a separate acknowledgement verifying that he understood that the appeal waiver prevented him from appealing his conviction and sentence or challenging his conviction and sentence in any post-conviction proceeding. Also, at his plea hearing, [he] verbally indicated that he understood the terms and effect of the appeal waiver." (citation and internal quotations

9

omitted)).

Finally, although Movant's calculated sentencing range was 259 to 317 months (*see* Doc. 30 at 5), she received substantial reductions for early acceptance of responsibility, due to her quickly pleading guilty (*see* Doc. 27 at 22-23), and a further reduction at sentencing "for the very unique circumstances that [she] present[ed] and [her] medical circumstances," reducing her ultimate sentence by *at least* 67 months, or more than five years, to 192 months (*see* Doc. 30 at 50-51). Given the severity of the charges that Movant faced, it seems highly unlikely that but for counsel's alleged deficiencies she would have proceeded to trial and risked a harsher sentence if she were convicted on all counts and sentenced without the benefit of her reductions for early acceptance of responsibility. Movant has offered no evidence of such a possibility. Her first ground for relief therefore fails.

### C. Grounds Two Through Four

In ground two, Movant alleges ineffective assistance of counsel with respect to the charging document filed against her. But a knowing and voluntary guilty plea waives all non-jurisdictional claims regarding pre-plea proceedings. *See Vasiloff v. United States*, No. 14-10483, 2015 U.S. App. LEXIS 19508, at *3-4 (11th Cir. Nov. 9, 2015) (rejecting appellant's § 2255 challenge to his indictment on multiplicity

10

grounds because, in his guilty plea proceedings, he "admitted all the elements of the formal criminal charges, [and he thus] waived all non-jurisdictional defects in his proceedings" (citing *United States v. Johnson*, 89 F.3d 778, 784 (11th Cir. 1996), to the effect "that a defendant's factual basis challenge presents a non-jurisdictional defect and, as such, is waived by a guilty plea")). Movant's ground two claim that counsel provided ineffective assistance by failing to challenge her charging document fails, therefore, because, as shown above, her plea was knowing and voluntary.

In grounds three and four, Movant challenges the result of her sentencing proceedings and alleges ineffective assistance of counsel with respect to those proceedings. But "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." *Williams*, 396 F.3d at 1342 & n.2 (quoting *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("An ineffective assistance of counsel argument survives a waiver of appeal *only when the claimed assistance directly affected the validity of that waiver or the plea itself*.") (emphasis added)). Movant's ground three and four claims fail because, by entering into a valid and enforceable sentence-appeal waiver, as shown above, Movant knowingly and

11

voluntarily waived her right to raise sentencing claims in a § 2255 motion. *See id.*

### III. Certificate of Appealability

A § 2255 movant must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir.) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case). Because there is no reasonable argument that Movant has set forth a meritorious claim in her § 2255 motion, a COA should not issue in this matter.

12

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DENY** Movant's 28 U.S.C. § 2255 motion (Doc. 24) and **DENY** Movant a certificate of appealability.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 5th day of January, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

13