# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ETHEL ELAINE DANIELS, | : | CIVIL ACTION NO. |
| BOP Reg # 63016-019, | : | 1:15-CV-2279-AT-JSA |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:14-CR-156-AT-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|    Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

In May 2015, Movant signed and filed a 28 U.S.C. § 2255 motion to vacate her 192-month sentence. (Doc. 24). But because she had entered into a valid and enforceable guilty plea agreement and appeal waiver, the undersigned recommended that her § 2255 motion be denied. (Doc. 34). On March 22, 2016, Movant signed and filed a proposed amendment to her § 2255 motion. (Doc. 40). On May 25, the government responded to the proposed amendment. (Doc. 44). Movant has not filed a reply.

In her initial § 2255 motion, Movant presents the following claims:

1. ineffective assistance of counsel during plea negotiations, leading her to believe that she would receive no more than a 6-year sentence — "Had [] counsel insisted that the Probation office and the prosecutor prove their allegations during the plea negotiations[, she] would be facing a sentence that is not as severe.";

2. ineffective assistance of counsel for failing to challenge her multiplicitous and duplicitous charging document;

3. her 10th Amendment rights were violated when she received sentencing enhancements that were not found by a jury;

4. ineffective assistance of counsel for failing to challenge certain sentencing enhancements, such as her 4-level enhancement for role in the offense.

(Doc. 24 at 4-6, 8).

In her proposed amendment, Movant states only that "defense counsel failed to file a 'notice of appeal' after sentencing when I requested that one be filed on my behalf." (Doc. 40 at 1).

A 28 U.S.C. § 2255 motion is governed by a one-year statute of limitations, which runs from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f).

Absent one of the circumstances set forth in subparagraphs two through four above — and there is no indication that any such circumstance exists here — the limitations period begins to run when a § 2255 movant's judgment of conviction becomes final.

> On April 24, 2014, [Movant] waived prosecution by indictment and consented for this case to proceed by an Information. (Doc. 3). On the same day, the United States Attorney filed a seven-count Information, charging [Movant] with conspiracy to commit wire fraud, substantive wire fraud, and aggravated identity theft. (Doc. 1). On May 28, 2014, [she] pled guilty to all seven counts pursuant to a plea agreement. (Doc. 6, 6-1, 6-2). On November 14, 2014, the Court sentenced [her] to 168 months' imprisonment [on] each of counts 1-4 to run concurrently, and to 24 months' imprisonment on each of counts 5-7, to run concurrently to each other, but consecutively to counts 1-4, for a total sentence of imprisonment of 192 months. (Docs. 14, 16). [Movant] did not file a direct appeal.

(Doc. 31 at 2-3). "The Judgment and Conviction Order imposing [Movant's] sentence was entered on November 14, 2014." (Doc. 44 at 2; *see* Doc. 16). Because Movant did not file a direct appeal, her judgment of conviction became final 14 days later, on November 28, 2014. *See* Fed. R. App. P. 4(b)(1)(A); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]e have concluded [with respect to § 2255(f)] that when a defendant does not appeal his conviction or sentence, the judgment of

3

conviction becomes final when the time for seeking that review expires."). Movant thus had until November 28, 2015 to file a timely § 2255 motion, which she did on May 28, 2015. (*See* Doc. 24 at 12). But Movant signed and filed her proposed amendment on March 22, 2016 (*see* Doc. 42 at 2), after the one-year limitations period had expired.[1]

Federal Rule of Procedure 15(c)(1)(B) provides, however, that "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading" (formatting altered); *see Smith v. Buss*, No. 3:09cv278/MCR/EMT, 2011 U.S. Dist. LEXIS 19637, at *18-19 (N.D. Fla. Feb. 4) ("[R]elation back is allowable only 'when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in "both time and type" from the originally raised episodes.' " (citing *Mayle v. Felix*, 545 U.S. 644, 653-54, 657, 664 (2005), to the effect that "the test for whether an amended petition relates back [is] whether the original and

---

[1] Movant does not claim that she was unable to raise this claim earlier because she was unaware of the fact that her counsel failed to fail an appeal. Indeed, in her original Motion to Vacate, filed in June 2015, she stated that there had never been an appeal in her criminal case. (*See* Doc. 24 at 1-2).

4

amended claims 'are tied to a common core of operative facts.' " (footnote omitted))), *adopted by* 2011 U.S. Dist. LEXIS 19293 (N.D. Fla. Feb. 25, 2011).

The Eleventh Circuit has explained the application of the relation back rule as follows:

> In *Mayle*, the defendant-appellant timely alleged that his conviction violated the Fifth Amendment because videotaped statements of a witness were played for the jury in violation of his right to confront the witness. However, five months after the one-year limitation imposed under the AEDPA expired, he moved to amend his petition to add another claim regarding his pretrial statements to the police. The magistrate judge denied the amendment, reasoning the claim did not relate back:
>
>> [The defendant's] allegedly involuntary statements to police did not arise out of the same conduct, transaction, or occurrence as the videotaped interrogation of prosecution witness Kenneth Williams.
>
> The magistrate judge also found that it did not suffice that [the Defendant's] Fifth and Sixth Amendment claims attack the same criminal conviction. The district court then adopted the magistrate judge's recommendation for dismissal of the defendant's claim. On appeal, however, the Ninth Circuit reversed the district court, finding that the defendant's "trial and conviction in state court" constituted a "transaction" within the meaning of Rule 15(c)(2).
>
> The Supreme Court reversed the Ninth Circuit. In reaching its holding, the Court stressed that . . . the key words [in the relation back provision] are conduct, transaction, or occurrence. The Court further reasoned:
>
>> Habeas Corpus Rule 2(c) . . . instructs petitioners to specify all available grounds for relief and to state the facts

5

supporting each ground. Under that rule, [the defendant's] Confrontation Clause claim would be pleaded discretely, as would his self-incrimination claim. Each separate congeries of facts supporting the grounds for relief, the Rule suggests, would delineate an "occurrence." [The defendant's] approach, the approach that prevailed in the Ninth Circuit, is boundless by comparison. A miscellany of claims for relief could be raised later rather than sooner and relate back, for "conduct, transaction, or occurrence" would be defined to encompass any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction. An approach of that breadth . . . views "occurrence" at too high a level of generality.

Relation back, the Court explained, is only allowable when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes.

*McLean v. United States*, No. 04-13534, 2005 U.S. App. LEXIS 19546, at *2-5 (11th Cir. Sept. 8, 2005) (citations and internal quotation marks omitted).

The government argues that Movant's proposed amendment

does not arise out of the same set of facts as [her] original claims. Notably, all of [her] prior claims have to do with pre-trial and sentencing proceedings. But her new claim in the amendment to her § 2255 petition is that she gave her attorney a direction after conviction and sentencing (*i.e.* to file a notice of appeal), and that her attorney simply failed to follow her direction. This is a different set of facts than she raised in her initial petition, and consequently, it does not relate back to her timely petition.

(Doc. 44 at 5). The Court agrees. *See Espinosa v. United States*, 330 Fed. Appx. 889,

6

892 (11th Cir. 2009) (affirming district court's time-bar dismissal of movant's supplemental § 2255 claims of pretrial ineffective assistance because his original § 2255 motion concerned only "trial counsel's performance during specific moments of the trial and at sentencing," not counsel's pretrial performance); *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000) (affirming district court's time-bar dismissal of three new claims in movant's amended § 2255 motion because they "did not arise from the same set of facts as his original claims, but arose from separate conduct and occurrences in both time and type. In his original § 2255 motion, [he] claimed his counsel was ineffective for not objecting that the drugs [he] had were not 'crack cocaine,' because they lacked sodium bicarbonate, for not objecting to the drug weight as improperly including certain moisture content, and for not asserting that the government allowed its witness to perjure himself by claiming he expected no benefit. In contrast, [his] three new claims were that his counsel was ineffective for (1) allowing [him] to be sentenced based on three grams of cocaine that were not part of the same course of conduct as the other forty-nine grams of cocaine, (2) relying on a summary lab report instead of requesting the complete lab report, and (3) failing to advise him that a plea agreement might be possible.").

    As in the cases cited above, there is not here a common core of operative facts

7

connecting Movant's original § 2255 claims regarding her counsel's performance prior to the entry of her guilty plea and during sentencing, on the one hand, and her proposed amendment, otherwise untimely, regarding counsel's alleged failure to file a notice of appeal, as Movant claims she requested counsel to do *after* she was sentenced. The proposed amendment should be dismissed as untimely.

**Certificate of Appealability**

The undersigned previously recommended that Movant not receive a certificate of appealability to appeal the denial of her § 2255 motion. (*See* Doc. 34). That recommendation is unchanged.

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Movant's proposed amendment (Doc. 40) because she filed it after the limitations period had expired and it raises a ground for relief that does not relate back to her original, timely filed grounds.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 22nd day of June, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)