# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ETHEL ELAINE DANIELS, | : | CIVIL ACTION NO. |
| BOP Reg # 66014-019, | : | 1:15-CV-2279-AT |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:14-CR-156-AT-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## ORDER

The Magistrate Judge has issued two Reports and Recommendations ("Reports") in this matter. (Docs. 34, 46). The first Report recommends that Movant's 28 U.S.C. § 2255 motion to vacate her 192-month sentence for fraud and identity theft be denied because she "entered into a valid and enforceable guilty plea agreement and appeal waiver" (Doc. 34 ("First Report") at 1); Movant objects (Doc. 38). The second Report recommends that Movant's first proposed amendment to her § 2255 motion (Doc. 40) be dismissed as untimely (Doc. 46 ("Second Report")); Movant objects (Doc. 52).[1] In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the two Reports to which Movant objects, and has reviewed the remainder of the Reports for plain error. *See United States v. Slay*, 714 F.2d 1093,

---

[1] Movant has also filed further proposed amendments to her § 2255 motion (Docs. 50, 57), for which no Report and Recommendation is required, for the reasons noted below.

1095 (11th Cir. 1983).

## The First Report

The First Report details the acknowledgements Movant made at her plea hearing, including the following: (1) "she understood the elements of the crimes to which she was pleading guilty and what the government would have to prove to convict her, and she had in fact committed those crimes in the manner the government described"; (2) "she understood that the maximum penalty for her four fraud convictions (counts 1-4) was 20 years' imprisonment and that each of her three aggravated identity theft convictions (counts 5-7) carried an additional 2 years' imprisonment, to be served either consecutively or concurrently to each other, but consecutively to her other sentences"; and (3) "she understood that if she [] receive[d] a sentence [] harsher than [she] expected, [she] would not be able to withdraw [her] guilty plea." (First Report at 3 (internal quotations omitted) (formatting altered)).

Movant objects that the Supreme Court's recent decision regarding "the vagueness of the residual clause" renders her "consecutively imposed sentenc[es] . . . . for the same criminal conduct" unconstitutional. (Doc. 38 at 2). It appears that Movant is arguing that her motion to vacate finds support in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down as unconstitutional the residual clause of the Armed Career Criminal Act ("ACCA") that formerly made any offense

2

that "otherwise involves conduct that presents a serious potential risk of physical injury to another" an ACCA predicate offense. *See* 18 U.S.C. § 924(e)(2)(B)(ii). Movant raises a similar claim in her proposed Second Amendment. (*See* Doc. 50). This objection and proposed amendment fail, however, because ACCA's residual clause has no relevance to Movant, who was not convicted as an armed career criminal.

Movant also appears to be claiming a double jeopardy violation, but she has no viable double jeopardy claim, and even if she did, she "waived [her] double jeopardy challenge when [s]he pled guilty to [7] separate violations . . . for which [s]he may have been lawfully prosecuted." *Vasiloff v. United States*, 622 Fed. Appx. 881, 883 (11th Cir. 2015) (citing *United States v. Smith*, 532 F.3d 1125, 1129-30 (11th Cir. 2008)).[2] Movant's second objection also fails.

---

[2] *See also Stoddard v. Sec'y, Dep't of Corr.*, 600 Fed. Appx. 696, 703-04 (11th Cir. 2015) ("In the context of multiple punishments, the purpose of double jeopardy is simply to ensur[e] that the total punishment did not exceed that authorized by the legislature. Therefore, in enforcing the federal double-jeopardy guarantee, we must examine the various offenses for which a person is being punished to determine whether, as defined by the legislature, any two or more of them are the same offense. In effect, we ask whether the offenses are sufficiently distinguishable to permit the imposition of cumulative punishment." (footnote, citations and internal quotations omitted)). Petitioner was convicted of wire fraud and identity theft in connection with the wire fraud. (*See* Doc. 1 (Information) at 4-5 (charging Movant in Counts 2-4 with wire fraud in violation of 18 U.S.C. § 1343 because she "did knowingly devise and intend to devise a scheme and artifice to defraud the United States of America"); *id.* at 6 (charging Movant in Counts 5-7 with identity theft in violation of 18 U.S.C. § 1028A because, in connection with the wire fraud, she "knowingly possessed, transferred, and used the names and social security numbers of [] actual

Movant next objects that "a defendant can never knowingly and intelligently waive a right to appeal or collateral[ly] attack a sentence that has not yet been imposed; such a waiver is by definition [] uninformed and unintelligent and cannot be voluntary and knowing." (Doc. 38 at 2). She argues further that her attorney provided ineffective assistance by failing to put the Government to its proof regarding the loss amount involved in her fraud crimes, which resulted in a sentence longer than she should have received and longer than the sentence her attorney promised she *would* receive. (*Id.* at 3-4).

Movant's claim that she pled guilty unknowingly or involuntarily based on

---

persons . . . on a federal income tax return")); *see also* 18 U.S.C. § 1343 ("Whoever, having devised or intending to devise any scheme or artifice to defraud, . . . transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."); § 1028A(a)(1) ("Whoever, during and in relation to any felony violation enumerated in subsection (c) [including wire fraud], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."). It is apparent that Congress intended for there to be an additional punishment for identity theft in connection with wire fraud. *See United States v. Abdur-Rahman*, 512 Fed. Appx. 1, 2013 U.S. App. LEXIS 3216, at *9-10 (2d Cir. 2013) ("The charges of conviction . . . do not result in a violation of the Constitution's double jeopardy clause. The counts charged in the indictment—health care fraud, access device fraud, and obtaining controlled substances by fraud—each required proof of at least one fact that the others did not. Nor does the charge of aggravated identity theft violate the double jeopardy clause because cumulative punishment is authorized for that crime." (citing 18 U.S.C. § 1028A(a)(1) and (c); *Flores-Figueroa v. United States*, 556 U.S. 646, 648 (2009)) (citations omitted)).

4

ineffective assistance of counsel, i.e., due to counsel's advice that she would receive a sentence of 6 years to serve, is not a claim that she could have waived, or did waive, by pleading guilty. But, as explained in the First Report, the claim fails. There is no evidence that counsel gave Movant this advice, other than her sworn contention that he did so. Counsel did not argue for, or even suggest, a particular length of sentence at Movant's sentencing hearing.[3] (*See* Doc. 30 at 42-45).

More importantly, Movant acknowledged at her plea hearing that she understood that her sentence might be harsher than the one she expected, and she did not assert at the hearing that counsel had promised her a particular sentence; indeed, she acknowledged that no one had "made any promises or representations [] to get [her] to plead guilty beyond what's in the plea agreement." (*See* Doc. 27 (Plea Colloquy) at 28; *id.* at 17-19; First Report at 8-9 (noting that Movant "acknowledged at her plea hearing, under oath, that she understood that this Court

---

[3] It is possible that at the time defense counsel represented Movant, he was distracted by State Bar disciplinary proceedings pending against him, culminating in the "voluntary surrender of [his] license to practice law, which is tantamount to disbarment." *In the Matter of Tony L. Axam*, 297 Ga. 786, 787 (2015). These circumstances give the Court serious cause for concern after the fact, particularly as counsel never expressly addressed in his argument what he viewed as a reasonable sentence or why the Government's recommendation was excessive. But there is not enough evidence in the record to suggest that defense counsel's professional conduct was compromised sufficiently to establish a claim based on ineffective assistance at Movant's sentencing. Defense counsel did present testimony from Defendant's family members as to how she had effectively carried the family on her shoulders. And counsel did make clear that the Defendant had risen from the most humble and difficult of circumstances to create her tax business.

was authorized to sentence [her] to the maximum punishment allowed by law, which she understood to be 20 years for the fraud counts plus 2 years for each aggravated identity theft" (internal quotations omitted))); *see also Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. 2007) (rejecting claim—that § 2255 appellant was coerced into entering his guilty plea in part by counsel's promise of a more lenient sentence than he received—because appellant's "allegations are in direct conflict with his statements during the plea colloquy, and he has produced no evidence to challenge the veracity of his sworn testimony"; and noting that "the record demonstrates that [appellant] did not mention [counsel's] promise during the plea colloquy, and, instead, stated that he understood that his sentence could be different from what counsel had advised and confirmed that no one had promised him anything in exchange for his plea"). Movant's objections regarding the allegedly unknowing and involuntary nature of her plea are therefore overruled.[4]

---

[4]The two United States Court of Appeals cases that Movant cites (Doc. 38 at 3) are unavailing because neither involved a guilty plea. *See United States v. Booze*, 293 F.3d 516, 517-18 (D.C. Cir. 2002) ("An inmate serving a 17 1/2-year sentence filed a § 2255 motion alleging, among other things, that *his attorney caused him to reject a plea offer with a five-year sentence by advising him erroneously that he would be sentenced to less than five years if he went to trial and was convicted.* . . . On appeal, the Government . . . asks the court to remand the case for the district court to determine, after an evidentiary hearing, whether such a plea offer was in fact made. Over the appellant's objection, we follow the course urged by the Government." (emphasis added)); *United States v. Stricklin*, 290 F.3d 748, 749 (5th Cir. 2002) (vacating § 2255 appellant's sentence because his attorney "failed to raise crucial objections during sentencing" *after appellant was convicted at a jury trial*). Here, Movant's attorney urged her to accept, not reject, a plea offer, so that, unlike

Finally, Movant cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the effect that it is a "recognized constitutional practice" (Doc. 38 at 5) that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. But Movant's 192-month sentence does not exceed the statutory maximum of 26 years for her crimes of conviction, and thus *Apprendi* has no relevance here. *See, e.g., United States v. Maldenaldo Sanchez*, 269 F.3d 1250, 1288 (11th Cir. 2001) ("*Apprendi* is implicated only when a judge-decided fact actually increases a defendant's sentence beyond the prescribed statutory maximum penalty for the crime of conviction and has no application to, or effect on, cases where a defendant's sentence falls at or below that maximum penalty."). This final objection to the First Report also fails.

---

in *Booze*, she was well aware of the potential sentencing consequences of plea versus trial before she entered her plea, regardless of any misleading advice her attorney may have given her. And, unlike in *Stricklin*, there was no jury trial here to preserve Movant's right to challenge her attorney's allegedly ineffective assistance at sentencing. By the terms of her plea agreement, "Movant knowingly and voluntarily waived her right to raise sentencing claims in a § 2255 motion." (First Report at 11-12).

7

**The Second Report**

Movant has attempted to amend her § 2255 motion to raise a claim that "defense counsel failed to file a 'notice of appeal' after sentencing when I requested that one be filed on my behalf." (Doc. 40 at 1).  The Magistrate Judge has recommended that this proposed amendment be denied as untimely because Movant filed it outside of the one-year limitations period, and it is not tied to any of her original, timely claims by a common core of operative facts, and thus it does not relate back to those claims under Fed. R. Civ. P. 15.  (*See* Second Report at 4-8; *see id.* at 7-8 ("[T]here is not here a common core of operative facts connecting Movant's original § 2255 claims regarding her counsel's performance prior to the entry of her guilty plea and during sentencing, on the one hand, and her proposed amendment, otherwise untimely, regarding counsel's alleged failure to file a notice of appeal, as Movant claims she requested counsel to do *after* she was sentenced. The proposed amendment should be dismissed as untimely.")).

Movant objects that because, at the close of the sentencing hearing or shortly thereafter, she requested counsel to file a notice of appeal, her proposed amendment relates back to the fourth ground of her original § 2255 motion, alleging ineffective assistance of counsel with respect to her sentencing.  (Doc. 52 at 2; *see* Second Report at 1-2).  Movant states that both her proposed amendment and ground four of her original § 2255 motion—alleging ineffective assistance during, and with

8

respect to, her sentencing—"occurred on the same date, time and place as each other, among other things." (Doc. 52 at 4-5). But more is required for there to be a common core of operative facts that allows relation back of Movant's amendment—the two claims must also involve the same subject matter. And here, clearly, they do not. (*See* Second Report at 5-7). Movant's objections to the Second Report also fail.[5]

## **Conclusion**

Having conducted a plain error review of the remainder of the two Reports, the Court finds no error in their conclusions; **OVERRULES** Petitioner's objections [Docs. 38, 52]; **ADOPTS** both of the Magistrate Judge's Reports and Recommendations [Docs. 34, 46] as the Order and Opinion of this Court; **DENIES** Movant's 28 U.S.C. § 2255 motion to vacate her sentence [Doc. 24]; **DENIES** her motions to amend her § 2255 motion [Docs. 40, 50, 57]; and **DENIES** Movant a certificate of appealability.

---

[5]Movant has filed a third proposed amendment to her § 2255 motion, alleging an *ex post facto* violation because the 2013 sentencing guidelines were applied at her sentencing even though her crimes occurred between 2007 and 2013. (Doc. 57). To the extent that Movant argues that her untimely proposed amendment relates back to her original claims of ineffective assistance of counsel at sentencing, that argument fails because Movant has waived any such claim, timely or otherwise. And to the extent that Movant seeks to raise a completely new claim of *trial court error* for using the incorrect version of the sentencing guidelines, that claim does not relate back to any timely claim she raised previously and is therefore barred from merit review.

The Court recognizes that Movant suffers from a significant, life threatening medical condition and is not a young woman. In light of this and some of the unique circumstances of her life, the Court believes it appropriate to bring to Movant's attention the United States Sentencing Commission's recent adoption of an Amendment to the Compassionate Release provisions of the Sentencing Guidelines, to be effective November 1, 2016.[6]

**IT IS SO ORDERED** this 30th day of August, 2016.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

---

[6] *See* http://www.ussc.gov/guidelines/amendments/reader-friendly-version-amendments-effective-november-1-2016:

> 18 U.S.C. § 3582(c)(1)(A) "authorizes a federal court, upon motion of the Director of the Bureau of Prisons, to reduce the term of imprisonment of a defendant if "extraordinary and compelling reasons" warrant such a reduction or the defendant is at least 70 years of age and meets certain other criteria. . . . The amendment revises [U.S.S.G.] § 1B1.13 in several ways. . . . It provides four categories of criteria: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The "Medical Condition of the Defendant" category has two prongs: one for defendants with terminal illness, and one that applies to defendants with a debilitating condition.